FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 09, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

DANIEL WAYNE B.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

No. 2:19-CV-00117-RHW

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 11, 12. Plaintiff brings this action seeking judicial review pursuant to 42 U.S.C. § 405(g) of the Commissioner of Social Security's final decision, which denied his application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401-434. *See* Administrative Record (AR) at 1-6, 12-30. After reviewing the administrative record and briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 1

## I. Jurisdiction

Plaintiff filed his application for disability insurance benefits on October 25, 2016, initially alleging disability beginning on November 14, 2014.[1] AR 15, 267. His application was initially denied on November 28, 2016, *see* AR 183-85, and on reconsideration on February 9, 2017. *See* AR 190-92. On February 15, 2017, Plaintiff filed a request for a hearing. AR 194-95.

A hearing with Administrative Law Judge ("ALJ") Mark Kim occurred on December 5, 2017. AR 84-119. On March 6, 2018, the ALJ issued a decision concluding that Plaintiff was not disabled as defined in the Act and was therefore ineligible for benefits. AR 12-30. On February 14, 2019, the Appeals Council denied Plaintiff's request for review, AR 1-6, thus making the ALJ's ruling the final decision of the Commissioner. *See* 20 C.F.R. § 404.981. On April 11, 2019, Plaintiff timely filed the present action challenging the denial of benefits. ECF No. 1. Accordingly, his claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

## II. Five-Step Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or

---

[1] Plaintiff later amended his alleged onset date to June 13, 2015, given that another ALJ had previously found Plaintiff not disabled through June 12, 2015. AR 88-89.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 2

mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A). A claimant shall be determined to be under a disability only if the claimant's impairments are so severe that the claimant is not only unable to do his or her previous work, but cannot, considering claimant's age, education, and work experience, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 404.1520(a)(4). Step one inquires whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(b). If the claimant is, he or she is not entitled to disability benefits. 20 C.F.R. § 404.1571. If not, the ALJ proceeds to step two.

Step two asks whether the claimant has a severe impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(c). If not, the disability claim is denied and no further evaluative steps are required. Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether one of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the

Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits. *Id.* If not, the evaluation proceeds to the fourth step.

Step four examines whether the claimant's residual functional capacity enables the claimant to perform past relevant work. 20 C.F.R. § 404.1520(e)-(f). If the claimant can still perform past relevant work, the claimant is not entitled to benefits and the inquiry ends. *Id.*

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f), 404.1520(g), 404.1560(c).

### III. Standard of Review

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)). In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v.*

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4**

*Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Even if the evidence in the record is susceptible to more than one rational interpretation, if inferences reasonably drawn from the record support the ALJ's decision, then the court must uphold that decision. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954-59 (9th Cir. 2002).

### IV. Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings and only briefly summarized here. Plaintiff was 49 years old on the amended alleged date of onset, which the regulations define as a younger person. AR 156; *see* 20 C.F.R. § 404.1563(c). He graduated from high school, completed some college, and can read, write, and communicate in English. AR 52, 295, 297. He has past work as a warehouse manager, as a sales representative, as a lead technician for a satellite television company, as a general contractor, and as a district sales manager for fast food franchises. AR 297, 333-39.

### V. The ALJ's Findings

The ALJ determined that Plaintiff was not under a disability within the meaning of the Act at any time from June 13, 2015 (the amended alleged onset date) through March 6, 2018 (the date the ALJ issued his decision). AR 16, 24-25.

**At step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the amended alleged onset date. AR 17.

**At step two**, the ALJ found Plaintiff had the following severe impairments: seizure disorder, degenerative disc disease of the cervical spine (status post fusion surgery), and a history of prostate cancer. AR 17-18.

**At step three**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. § 404, Subpt. P, Appendix 1. AR 19.

**At step four**, the ALJ found that Plaintiff had the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b), albeit with some additional limitations. AR 20. He could not reach overhead with his right arm. AR 20. He could occasionally handle objects with his right hand and had no limitations fingering and feeling. AR 20. He could occasionally stoop and climb ramps and stairs but could not crawl, climb ladders or scaffolds, or be exposed to hazards. AR 20. Given these physical limitations, the ALJ concluded that Plaintiff was still able to perform his past job as a sales representative. AR 23-24.

### VI.  Issues for Review

Plaintiff argues the ALJ: (1) improperly discredited his subjective pain complaint testimony, and (2) improperly weighed the medical opinion evidence. ECF No. 11 at 16-20.

## VII. Discussion

**A.    The ALJ did not Improperly Consider Plaintiff's Subjective Complaints**

Plaintiff first argues the ALJ erred by discounting the credibility of his testimony regarding his subjective symptoms. ECF No. 11 at 16-18. Specifically, he argues that the ALJ "did not at all consider [his] frequency of urination or urgency of urination and the need to wear diapers." *Id.* at 16. He also asserts—without discussion or explanation—that the ALJ erred because "his symptoms are consistent with the objective findings in the medical records." *Id.* at 18.

When a claimant produces objective medical evidence of an underlying impairment that could reasonably be expected to produce some degree of the symptoms alleged—as is the case here—and there is no affirmative evidence suggesting malingering, the ALJ can reject the claimant's testimony about the severity of his symptoms only by offering "specific, clear, and convincing reasons" for doing so. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). In weighing a claimant's credibility, ALJs may consider inconsistencies with the medical record as well as evidence of effective responses to treatment. 20 C.F.R. § 404.1529(c)(3)(v); *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008).

In this case, the ALJ partially discounted Plaintiff's subjective symptom complaints based on the medical records and Plaintiff's own testimony, which both

demonstrated that his conditions had been effectively controlled through treatment and that his remaining symptoms were not particularly severe. AR 21. Plaintiff had seizures, cervical degenerative disc disease, and a history of prostate cancer. AR 17-18. However, he confirmed at the hearing that his last seizure was in April 2015—months before he alleged his disability began. AR 102. The ALJ also noted that Plaintiff had a cervical fusion and discectomy in November 2016 and all his subsequent x-rays were normal. AR 21. Six months after surgery, his neurosurgeon noted that he was doing "very well" and had "no complaints." AR 447. The neurosurgeon also noted that the "cervical spine films look great." AR 447. Finally, the ALJ noted that Plaintiff's prostate cancer went into remission within 12 months and remained in remission thereafter. AR 21.

Plaintiff does not acknowledge or address the ALJ's analysis. *See* ECF No. 11 at 16-18. Instead, he argues that the ALJ "did not at all consider [his] frequency of urination or urgency of urination and the need to wear diapers." *Id.* at 16. The record, however, shows otherwise. At the hearing, the ALJ specifically asked Plaintiff about his urinary issues. AR 99. The ALJ asked Plaintiff for details about frequency, whether the condition was constant or varied, how quickly he needed to get to a restroom, and what his doctors recommended regarding fluid intake. AR 99-100. Plaintiff testified that he needed to urinate eight or nine times every twelve hours. AR 100.

Medical expert Haddon Alexander, M.D., also testified about Plaintiff's urinary issues. AR 96. Dr. Alexander testified that Plaintiff's urinary symptoms were not a sufficient reason to restrict him from work. AR 96 ("I really can't restrict him on that.").

The ALJ then discussed Plaintiff's urinary issues multiple times throughout the opinion. AR 20-22. The ALJ noted Plaintiff's complaints of frequent urination and his oncologist's opinion that this was "likely due to prostatic obstruction." AR 20-21; *see* AR 662. The ALJ further noted that Plaintiff did not respond well to Flomax, but would not consider a catheter. AR 21; *see* AR 668. The ALJ later credited Dr. Alexander's opinion that Plaintiff's urinary issues did not result in work restrictions. AR 22-23. Accordingly, Plaintiff's claim that the ALJ "did not at all consider" his urinary issues lacks merit. ECF No. 11 at 16.

Next, Plaintiff baldly asserts—without any explanation or analysis—that the ALJ erred in partially discounting his symptom allegations "since his symptoms are consistent with the objective findings in his medical records."[2] *Id.* at 18. The ALJ, in his opinion, extensively outlined the medical evidence and specified in detail why he believed it was inconsistent with Plaintiff's symptom complaints. *See* AR 20-23. Plaintiff's bald assertion in his opening brief to the contrary,

---

[2] Plaintiff incorrectly raises this argument in the portion of his brief that challenges how the ALJ weighed the medical opinion evidence, rather than in the relevant portion that challenges how the ALJ evaluated his subjective complaints. *See* ECF No. 11 at 17-18.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9**

without any analysis of the medical record or the ALJ's reasoning, is insufficient to establish error. *Carmickle*, 533 F.3d at 1161 n.2 (court will not address issues not argued with specificity); *Debra S. v. Saul*, No. 2:19-CV-00131-MKD, 2019 WL 6828384, at *9 (E.D. Wash. 2019) (insufficient for Counsel to mention a possible argument but fail to discuss or challenge the ALJ's reasoning).

**B.     The ALJ did not Err in Weighing the Medical Opinion Evidence**

Plaintiff argues that the ALJ erred in evaluating the medical opinions of: (1) non-examining medical expert Dr. Alexander, and (2) state agency medical consultants Howard Platter, M.D. and Gordon Hale, M.D. *See* ECF No. 11 at 17-20.

### 1.     Non-examining medical expert Haddon Alexander, M.D.

Dr. Alexander testified as an expert at the hearing based on his review of Plaintiff's medical records. AR 90-98. He expressly stated that he reviewed the entire medical record. AR 87. He then analyzed Plaintiff's treatment notes and described how Plaintiff's conditions improved, beginning with seizures and then moving to prostate cancer. AR 91-92. In discussing Plaintiff's records from Cancer Care Northwest, Dr. Alexander noted that Plaintiff was diagnosed with grade seven prostate carcinoma.[3] AR 92; *see* AR 648. Dr. Alexander explained how Plaintiff's

---

[3] Dr. Alexander initially said "pancreatic carcinoma," but the remainder of his testimony makes clear that this was inadvertent. AR 92.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10**

oncologist treated him with brachytherapy, which involved introducing radioactive seeds to the prostate gland. AR 92. He testified that Plaintiff had not had a recurrence of cancer since. AR 92. He also discussed Plaintiff's urinary issues, but opined that these were not a sufficient basis for restricting him from work. AR 96.

Dr. Alexander concluded that Plaintiff would have some restrictions, particularly with overhead reaching, but could nevertheless work. AR 94-95. The ALJ assigned significant weight to Dr. Alexander's opinion, reasoning that (1) he had the opportunity to review Plaintiff's entire medical record, (2) he has extensive expertise and familiarity with Social Security's disability criteria, and (3) he was available for cross-examination. AR 23.

Plaintiff argues that the ALJ should have rejected Dr. Alexander's opinion because "he did not even mention that [Plaintiff] had been diagnosed with prostate cancer and underwent a placement of radioactive seeds in the prostate gland and then afterward continued to experience frequent urination and urgency." ECF No. 11 at 19. Plaintiff then asserts that "[i]t appears that Dr. Alexander has not read all the records in the case and was unaware [of Plaintiff's] primary disabling condition." *Id.* In light of Dr. Alexander's testimony outlined above, these claims lack merit.

///

///

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 11

### 2. State agency medical consultants Howard Platter, M.D. and Gordon Hale, M.D.

Dr. Platter and Dr. Hale reviewed Plaintiff's medical records and both opined that he could perform light work. AR 160-65, 175-79. The ALJ assigned some weight to their opinions,[4] reasoning that they were given early in the course of Plaintiff's treatment but were nevertheless corroborated by the subsequent medical records. AR 22.

Plaintiff argues that the ALJ should have assigned less weight to these opinions because "it is not known what records these records [sic] actually reviewed and how much time they spent in reviewing the records and it is unclear as to whether they understood the extent of [Plaintiff's] symptoms and limitations." ECF No. 11 at 19-20. However, both doctors outlined the records they reviewed in making their determinations. *See* AR 160-61, 175-76. Over nine paragraphs, Dr. Platter described Plaintiff's medical records going back to 2013. AR 160-61. He discussed the treating providers' examination findings, the imaging and other test results, the treatment Plaintiff received, and Plaintiff's complaints to his providers. *See* AR 160-61. Dr. Hale reviewed these records as well and updated his analysis with the new records from Plaintiff's neurosurgeon, radiation oncologist, and treating physician's assistant. AR 175-76. Although Plaintiff

---

[4] Plaintiff incorrectly states that "[t]he ALJ does not indicate how much weight he placed on the opinion of these doctors." ECF No. 11 at 17.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 12

asserts that the extent to which these doctors reviewed the records was unclear, their opinions demonstrate otherwise. Plaintiff's claim that their opinions deserved less weight for this reason therefore fails.

### VIII.  Order

Having reviewed the parties' briefs, the record, and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and is free from legal error. Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 11**, is **DENIED.**

2. Defendant's Motion for Summary Judgment, **ECF No. 12**, is **GRANTED.**

3. Judgment shall be entered in favor of Defendant and the file shall be **CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel, and **close the file**.

**DATED:**   April 9, 2020.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 13